# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8483 | **DATE** | 9/29/2012 |
| **CASE TITLE** | *United States v. Haynes* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Haynes motion for relief under 28 U.S.C. § 2255 [1-1] is denied.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Darek Haynes filed a motion pursuant to 28 U.S.C. § 2255 asserting that his trial counsel was ineffective for failing to move for dismissal of the indictment based on a purported violation of the Speedy Trial Act and that his appellate counsel was ineffective for failing to appeal the district court's drug quantity determination. For the reasons stated herein, the motion is denied.

Haynes pled guilty to Counts One, Two, and Nine of the superseding indictment, which charged conspiracy to conduct and participate in the conduct of the affairs of an enterprise, namely the Chicago Police Department, through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d) (Count One), conspiracy to possess with intent to distribute controlled substances, namely 5 kilograms or more of mixtures and substances containing cocaine and mixtures and substances containing marijuana, in violation of 21 U.S.C. § 846 (Count Two), and possessing a firearm in furtherance of, and using, carrying, and brandishing a firearm during and in relation to drug trafficking crimes and crimes of violence, in violation of 18 U.S.C. § 924(c) (Count Nine). The Court imposed a sentence of 168 months each on Counts One and Two, to be served concurrently, and a term of 60 months on Count Nine, to run consecutively to Counts One and Two.

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the court which imposed his sentence to vacate, set aside or correct the sentence on the ground that it was "imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack."

Haynes asserts that he received ineffective assistance of counsel. A petitioner bears a "heavy burden in proving that [his] attorney rendered ineffective assistance of counsel." *United States v. Holland*, 992 F.2d 687, 691 (7th Cir. 1993). To prevail, the petitioner must establish that: (1) his attorney's representation "fell below an objective standard of reasonableness"; and (2) his defense was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner bears the burden of both

proof and persuasion that her counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment . . . [and] that the deficient performance prejudiced the defense." *United States v. Davenport*, 986 F.2d 1047, 1049 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 687). The *Strickland* test also applies to claims of ineffective assistance of appellate counsel. *Howard v. Gramley*, 225 F.3d 784, 789–90 (7th Cir. 2000). Courts must presume that counsel is effective. *Cullen v. Pinholster*, --- U.S. ---, 131 S.Ct. 1388, 1403 (2011).

*Trial Counsel*. Haynes contends that his trial counsel was ineffective for failing to move to dismiss the indictment because of a purported violation of the Speedy Trial Act due to a delay between the time he was arrested and the time he was indicted. The Speedy Trial Act provides in relevant part that "[a]ny information or indictment charging an individual with the commission of a offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). It further states that:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This subsection also states that no period of delay is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*. The Speedy Trial Act requires the court "to put on the record its reasons for finding the continuance warranted[;] ... it does not require that the court recite the statutory factors or make findings as to each of them on the record." *United States v. Adams*, 625 F.3d 371, 380 (7th Cir. 2010).

Haynes was arrested on January 27, 2005. On or about February 16, 2005, the government filed a motion seeking a 90-day extension of time to indict Haynes and his co-defendants. (Dkt. # 9, Ex. A.) The Chief Judge at that time, Judge Kocoras, held a hearing on the motion on February 22, 2005. (Dkt. # 9, Ex. B.) At the hearing, Judge Kocoras stated that "I think they [the government] make out a case for that [a 90-day extension of the time to indict] because I know there are lots of tapes and lots of alleged players in the game. So, I think it is meritorious; and, for that reason, I will grant the motion." (*Id*. at 3-4.) With the 90-day extension, the government had 120 days from his arrest to indict Haynes. Haynes was initially indicted on May 26, 2005 (Case No. 05 CR 70, Dkt. # 126), 119 days after he was arrested, and a superseding indictment was filed on June 1, 2006.

Judge Kocoras's statement that "there are lots of tapes and lots of alleged players" is sufficient to satisfy the requirements of the Speedy Trial Act. *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011) (rejecting Speedy Trial Act claim because it was "clear from the transcript of the court's conferences with counsel that these continuances were based on the complexity of the case, the magnitude of the discovery, and the attorneys' schedules"). Thus, counsel's failure to bring the motion to dismiss based on an alleged violation of the Speedy Trial Act does not constitute ineffective assistance of counsel as Haynes has failed to show either deficient performance or prejudice.

*Drug Quantity*. Haynes next contends that appellate counsel was ineffective for failing to appeal the district court's drug quantity calculation. The district court concluded that Haynes was responsible for more than 5 but less than 15 kilograms of cocaine. Haynes admitted in his plea agreement: (1) to stealing ½

kilogram of cocaine during a robbery in 2003, (Dkt. # 278 at 5); (2) that prior to a July 21, 2004, attempted ripoff, he was told that the deal would involve "multiple" kilograms of cocaine (*id*. at 8); and (3) prior to a September 8, 2004, home invasion, he was told that there were "three of 'em [kilograms of cocaine] in there for sure." (*Id*. at 10.) At sentencing, the Court addressed the drug quantity issue as follows:

> I think the more difficult issue is the one with respect to the reasonably foreseeable number of kilograms involved. I'm not sure what the argument with respect to the number of kilograms before or during and after the incidents that we're counting here is really all that helpful.
>
> The bottom line question to me is, a person of this defendant's experience and knowledge as a Chicago Police Officer –I believe he was a tactical officer at the time . . . . As a tactical officer, which I think we all know deal to a great degree with drug busts, drug transactions, they hear, listen to, talk to and know the language of drug deals and drug trafficking in the City of Chicago, what would such a person reasonably foresee if he was told that he was going to be involved in a ripoff that involved multiple kilos of cocaine.
>
> I don't find it unreasonable to infer from that the he would not foresee that there could likely be anywhere from two to 10 kilograms of cocaine. That is in keeping with the use of that type of language that I have come across, certainly during the course of evidence with respect to this particular conspiracy, but also with respect to the language used throughout the drug-dealing world.

(Dkt. # 9, Ex. C at 31-33.)

Haynes contends that reasonable foreseeability was not the appropriate standard to use. As noted by the Seventh Circuit, "[a] conspirator is liable for 'all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.'" *United States v. Reese*, 666 F.3d 1007, 1021 (7th Cir. 2012) (citations omitted); *see also United States v. Nunez*, 673 F.3d 661, 662 (7th Cir. 2012) ("[A] conspiracy will often, as in this case, embrace a greater quantity than the amount sold by a single defendant; for it will include the amount foreseeable to the defendant that the conspirators intended to sell in furtherance of the conspiracy"). Haynes pled guilty to conspiracy with intent to possess controlled substances; thus, the reasonable foreseeability inquiry applies.

Moreover, to the extent that Haynes challenges the drug amounts, he pled guilty to those, as set forth above. Haynes admitted to three and half kilos of cocaine as well as intending to participate in a home invasion that involved "multiple" kilos. As the excerpt from the sentencing hearing indicates, this Court determined, based on its experience with similar drug-trafficking cases, that "multiple" means at least two. "[T]he Sentencing Guidelines allow the district court to use reasoned 'speculation and reasonable estimation' of drug quantity." *United States v. Fleming*, 676 F.3d 621, 627 (7th Cir. 2012). The Court's determination that "multiple" means at least two is based on "reasoned speculation and reasonable estimation." Accordingly, appellate counsel's failure to challenge the drug quantity on appeal was not deficient nor was it prejudicial.

In his reply, Haynes asserts for the first time that trial counsel was ineffective because she told him that he would only be subject to a five-year, rather than a ten-year, statutory minimum on Count Two. First, Haynes cannot raise new arguments in a reply. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012) ("arguments raised for the first time in a reply brief are waived"). In any event, the argument is without merit. The Court determined that the advisory guidelines range was 168 to 210 months and

| STATEMENT |
|---|

sentenced Haynes to 168 months of imprisonment on Counts One and Two to run consecutively. Because Haynes was sentenced to above the ten-year minimum and he points to no evidence that his sentence would have been shorter had the statutory minimum been five years as to Count Two, Haynes' argument fails.

Moreover, Haynes himself quotes a portion of the change of plea hearing in which the government stated:

> In addition, Count 2 also carries a statutory minimum penalty. It is the defendant's position that a five-year minimum penalty should be imposed and the defendant understands that, at sentencing, the government will argue that this offense involved five kilograms or more of cocaine and, thus, a ten-year minimum penalty should be imposed.

(8/22/06 Change of Plea Hr'g Tr., Dkt. # 592, at 8.) When asked by the Court if he understood the consequences of pleading guilty to all three offenses, Haynes responded "yes." (*Id*. at 10.) Moreover, Haynes responded affirmatively when asked if he was satisfied with the advice of counsel and that he understood all of the terms of the plea agreement. (*Id*. at 6.) Finally, when the Court asked Haynes if he understood that the terms of the plea agreement were not binding on the Court and that it could impose a more severe sentence than what he may have anticipated, he responded, "yes." (*Id*. at 7.) Thus, any argument by Haynes of ineffective assistance of counsel based on a purported lack of knowledge about the statutory minimum sentence he was subject to regarding Count Two is denied.

Finally, Haynes' request that the government's response be stricken for its failure to attach certified copies of the documents it relied upon is denied. Haynes makes no assertion that the documents are not authentic or the contents unreliable.

For the reasons stated above, Haynes' motion for relief under 28 U.S.C. § 2255 [1-1] is denied.